UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROCKY ANNIS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-0219 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# MEMORANDUM OPINION AND ORDER
# DISMISSING PETITION WITHOUT PREJUDICE

Rocky James Annis (# 93337), a detainee at the Brazoria County Detention Center, has filed a petition for a federal writ of habeas corpus (Dkt. 5). Annis proceeds *pro se.* He challenges his state court conviction in 2015 for driving while intoxicated (third or more enhanced). After review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and having considered the pleadings and filings, the applicable law, and all matters of record, the Court will dismiss the petition without prejudice for the reasons explained below.

Annis also seeks leave to proceed *in forma pauperis* (Dkt. 6). Based on the information in his application, the application will be **granted**.

## I. BACKGROUND

Petitioner is currently incarcerated in the Brazoria County Detention Center. Publicly available online criminal records from Brazoria County reflect that on July 2, 2015, Annis pleaded guilty to driving while intoxicated (third or more enhanced) and was

1 / 6

sentenced to eight years in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Annis then was placed on community supervision or probation. In April 2018, a motion to revoke was filed, and parole revocation proceedings are currently underway. *See State of Texas v. Rocky Annis*, Case No. 73315, 23rd District Court of Brazoria County, Texas (available at http://www.publicbrazoriacounty.com/PublicAccess/default.aspx) (last visited October 5, 2018).

On May 17, 2018, Petitioner filed *Annis v. State of Texas*, Civil Action No. 3:18-CV-0162, in this Court. Bringing civil rights claims under 42 U.S.C. § 1983, Annis alleged that law enforcement and other defendants had falsified evidence against him in connection with his 2015 conviction, and that various persons were conspiring against him during his ongoing parole revocation proceedings. This Court dismissed Annis' civil rights claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his 2015 conviction has not been invalidated or otherwise set aside, and under *Younger v. Harris*, 401 U.S. 37 (1971), because state court revocation proceedings were ongoing. *See* Docket Entry No. 51, *Annis v. State of Texas*, Civil Action No. 3:18-CV-0162 (S.D. Tex. Aug. 13, 2018).

On July 31, 2018, while Annis' civil rights suit was pending, he filed a document titled "Application for a Writ of Habeas Corpus Seeking the Conviction of Case # 73315 be Overturned." The Clerk of Court construed the document as a habeas petition and opened this civil action, 3:18-CV-0219. As instructed by the Court, Petitioner now has filed an amended petition (Dkt. 5) using the Court's form. He challenges his 2015 conviction in Case Number 73315 and brings claims that his indictment was "faulty," that

he was subject to malicious prosecution, that witnesses were coerced to make false statements, and that he was slandered during the proceedings (*id*. at 6-7). He also states that "at the time of the plea agreement" he was "not operating in a proper mental capacity" (*id*. at 7). He seeks to have his conviction overturned.

Annis states in his petition that he did not appeal his conviction (*id*. at 3). He maintains that he filed a "petition" in the trial court in Brazoria County but that it "was never answered" and "I don't think they ever filed it" (*id*. at 3-4). A search of public court records confirms that Annis has filed neither an appeal nor a state habeas application.

## II. EXHAUSTION OF REMEDIES

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citation, quotation marks, and alteration omitted). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A

reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Conner v. Quarterman*, 477 F.3d 287, 291-92 (5th Cir. 2007) (internal quotation marks and citation omitted). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Before pursuing relief in federal habeas proceedings, Annis must first exhaust his remedies in the state courts. The pleadings in this case plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending federal petition. Because state habeas review remains available, Annis does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to

reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Conner v. Quarterman*, 477 F.3d 287, 291-92 (5th Cir. 2007) (internal quotation marks and citation omitted). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Before pursuing relief in federal habeas proceedings, Annis must first exhaust his remedies in the state courts. The pleadings in this case plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending federal petition. Because state habeas review remains available, Annis does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to

defer until the Texas Court of Criminal Appeals has addressed the claims raised in Annis's petition.

The pending federal habeas petition must be dismissed as premature because Annis has not yet exhausted his state court remedies.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner's application for leave to proceed *in forma pauperis* (Dkt. 6) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 5) is **DISMISSED without prejudice** for failure to exhaust all available remedies to the state's highest court of criminal jurisdiction, as required by 28 U.S.C. § 2254.

3. All other pending motions, if any, are **DENIED as moot**.

4. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 9th day of October, 2018.

George C. Hanks Jr.
United States District Judge